# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | |
|---|---|
| UNITED STATES OF AMERICA, | : Case No. 3:23-cr-00072 |
| Plaintiff, | : |
| | : District Judge Michael J. Newman |
| vs. | : Magistrate Judge Caroline H. Gentry |
| | : |
| JOSHUA RYAN FULLER, | : |
| | : |
| Defendant. | : |

## DECISION & ORDER GRANTING PLAINTIFF'S ORAL MOTION FOR PRETRIAL DETENTION

This case came before the Court on the Government's oral Motion for Pretrial Detention, which seeks to detain Defendant Joshua Ryan Fuller ("Defendant") prior to trial. This Court held a hearing and granted the Motion at the end of the hearing. This opinion expands upon the Court's reasons for granting the Motion and orders certain conditions for Defendant's pretrial detention.

**I.      LEGAL STANDARD**

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *U.S. v. Salerno*, 481 U.S. 739, 755 (1987). Under the Bail Reform Act, the Court "***shall*** order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond … unless the judicial officer determines that such release will not reasonably assure the appearance of the

1

person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b) (emphasis added).

The Government is authorized to request a pretrial detention hearing in cases involving certain offenses. 18 U.S.C. § 3142(f)(1). In addition, the Government may request, or the Court may hold on its own motion, a pretrial detention hearing if there is a serious risk that the defendant will flee, obstruct justice, or threaten, injure, or intimidate a prospective witness or juror. 18 U.S.C. § 3142(f)(2)(A) & (B). The Federal Rules of Evidence do not apply at a pretrial detention hearing and the Court may consider both hearsay and evidence provided by proffer. *U.S. v. Stone*, 608 F.3d 939, 948-49 (6th Cir. 2010). The Government must prove the risk of flight by a preponderance of the evidence, *U.S. v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004), and the risk of dangerousness by clear and convincing evidence. *Stone*, 608 F.3d at 945.

A rebuttable presumption of detention arises if the Court finds that there is probable cause to believe that the defendant committed certain offenses involving controlled substances, firearms, conspiracy to murder or kidnap, terrorism, peonage, or minor victims.[1] 18 U.S.C. § 3142(e)(3)(A)-(E). A rebuttable presumption of detention also arises if the defendant has a prior conviction for an offense listed in 18 U.S.C. § 3142(f)(1), the defendant committed that offense while on pretrial release, and not more

---

[1] An indictment provides probable cause for purposes of establishing a rebuttable presumption. *U.S. v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). If the Government charges the defendant by filing a complaint, however, then the Court must "find[] that there is probable cause to believe that the person committed" the offenses that give rise to a rebuttable presumption. 18 U.S.C. § 3142(e)(3). Significantly, the Court makes this finding based upon the record before it at the detention hearing. Therefore, the Court neither defers to the probable-cause finding that supported issuing the complaint, nor preempts the probable-cause determination at the upcoming preliminary hearing.

than five years have elapsed since the date of conviction or the defendant's release from imprisonment. 18 U.S.C. § 3142(e)(2).

If a rebuttable presumption arises, then the defendant "must introduce at least some evidence" that he does not pose a risk of flight or danger to the community to rebut the presumption of detention. *Stone*, 608 F.3d at 945 (internal quotations and citation omitted). The defendant's burden of production is not a heavy one. *Id*. At all times, the Government bears the burden of persuasion. *Id*. Even if the presumption is rebutted, the Court must consider it when deciding whether to detain the defendant prior to trial. *See Stone*, 608 F.3d at 945 (explaining that "[t]he presumption remains as a factor because it is not simply an evidentiary tool" but also "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial.").

In addition to considering any rebuttable presumption that applies, the Court must also consider: (1) the nature and circumstances of the offense charged, "including whether the offense is a crime of violence, a violation of [18 U.S.C. § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device," (2) the weight of the evidence of risk of flight or dangerousness (not guilt), *Stone*, 608 F.3d at 948; (3) the defendant's history and characteristics;[2] and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

---

[2] A person's history and characteristics includes, but is not limited to: "(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on

3

## II. ANALYSIS

For the reasons stated at the detention hearing and further described below, the Court finds that the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance at required court appearances if he is released. The Court further finds that the Government has met its burden of proving by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community if Defendant is released. Therefore, the Court grants the Government's Motion.

### A. Rebuttable Presumption

No rebuttable presumption applies in this case. Therefore, this factor is neutral.

### B. Nature and Circumstances of the Offense

The facts underlying the Indictment are described in a related case against Defendant, in which he is accused of violating the terms of his supervised release. Briefly, Defendant fired a weapon at two people who had parked their car and were walking toward their house. Defendant fled when police officers approached him. He threw a small bottle onto a porch roof; it was unlabeled and was determined to contain 73 pills of Clonazepam, a Schedule IV drug. After a foot chase, officers tased and arrested Defendant. They found 1.56 grams of methamphetamine in his pants. A search of the area revealed a firearm and an extended magazine loaded with 15 live rounds.

---

parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3).

A grand jury subsequently indicted Defendant for the crime of being a felon in possession of a firearm. This is a serious offense that inherently poses a danger to the community. *See U.S. v. Stone*, 608 F.3d 939, 947, 948 n.7 (6th Cir. 2010) ("In terms of dangerousness, Congress also thought it was especially significant if the charges include" one of the offenses listed in 18 U.S.C. § 3142(g)(1)). In addition, the circumstances of the alleged offense were violent. Defendant's alleged actions were plainly dangerous to other people and the community. Accordingly, this factor weighs heavily in favor of detention.

**C. Weight of Evidence of Risk of Flight or Dangerousness**

The Government has proven by clear and convincing evidence that Defendant poses a significant risk of danger to the community. His lengthy criminal history includes convictions relating to weapons and crimes of violence. Specifically, Defendant has been convicted of felonious assault (serious harm), having a weapon while under disability, felon in possession of a firearm, theft, grand theft, breaking and entering, burglary, illegal conveyance of drugs of abuse onto the grounds of a detention facility, drug abuse, and drug paraphernalia.

There is also significant evidence that Defendant presents a risk of flight. He has a lengthy history of substance abuse and mental health concerns. He has failed to appear in court as required, and has violated conditions of probation and parole, numerous times. The fact that Defendant allegedly committed this offense while on supervised release demonstrates his lack of disregard for court-ordered requirements. He also faces a lengthy period of incarceration if he is convicted.

Taken together, the weight of the evidence regarding the danger that Defendant poses to the community, as well as the risk of flight, tilts heavily in favor of detention.

### D. Defendant's History and Characteristics

The facts underlying the portray an individual who is willing to use lethal force. This observation is corroborated by Defendant's prior criminal convictions for crimes of violence or crimes involving weapons. Defendant's disregard for court orders is shown by the fact that he committed the alleged crime while on supervised release and has repeatedly failed to comply with court-ordered supervision. He also has a history of substance abuse and mental health concerns. Taken together, Defendant's history and characteristics weigh heavily in favor of detention.

### E. Nature and Seriousness of Danger Posed to The Community

Felonious possession of a firearm inherently poses a significant threat to the safety of the community. Here, the proffered facts confirm that Defendant poses an extremely serious danger to the community. The victims in this case have a right to be reasonably protected from Defendant (*see* 18 U.S.C. § 3771(a)(1)), and they have requested that he not be released. Given these facts and those described above, including Defendant's lengthy criminal history, this factor also weighs heavily in favor of detention.

### III. CONCLUSION

After weighing all the relevant factors, the Court finds that no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) will reasonably assure (1) Defendant's appearance as required by the Court and (2) the safety of other persons and

the community. Therefore, the Government's oral Motion for Pretrial Detention is **GRANTED**.

Accordingly, it is hereby **ORDERED** that:

1) Defendant be committed to the custody of the Attorney General of the United States for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2) Defendant be afforded reasonable opportunity for private consultation with counsel; and

3) On Order of a Court of the United States, or upon request of an attorney for the United States, the person in charge of the facility in which Defendant is confined deliver Defendant to a United States Marshal or his deputy for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

Any party may file and serve on the opposing party a motion for revocation or amendment of this Order with a United States District Judge. 18 U.S.C. § 3145(b). A defendant who files a motion for revocation or amendment must arrange for a transcript of the detention hearing. This Order is in full force and effect, notwithstanding the filing of a motion for revocation or amendment, unless it is stayed by the Magistrate Judge or District Judge.